```
                                                         USDC SDNY
                                                         DOCUMENT
                                                         ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                             DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                            DATE FILED:  11/25/2013
------------------------------------------------------------X
                                                  :
MARK SMITH,                                       :
                                                  :
                        Plaintiff,                :     12 Civ. 4572 (KPF)
                                                  :
           -v.-                                   :     OPINION AND ORDER
                                                  :
THE CITY OF NEW YORK and JORGE PUJOLS,            :
                                                  :
                        Defendants.               :
                                                  :
------------------------------------------------------------X
```

KATHERINE POLK FAILLA, District Judge:

On June 11, 2012, Plaintiff Mark Smith, appearing *pro se*, initiated this action under 42 U.S.C. § 1983 to allege violations of his Fourth, Eighth, and Fourteenth Amendment rights by Defendants Officer Jorge Pujols and the City of New York in connection with Plaintiff's June 2010 arrest and subsequent prosecution. Defendants now move to dismiss the action for failure to state a claim. For the reasons set forth in the remainder of this Opinion, the motion is granted.

## BACKGROUND

In considering this motion, the Court is limited to the facts stated in the Complaint and the documents incorporated by reference therein. *Int'l Audiotext Network, Inc.* v. *Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[T]he complaint is deemed to include any [ ] documents incorporated in it by reference." (quoting *Cortec Indus., Inc.* v. *Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991))). The Court may also consider matters of which judicial

notice may be taken under Fed. R. Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data. *Kramer* v. *Time Warner Inc.*, 937 F.2d 767, 773-75 (2d Cir. 1991) (holding that the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201); *see also Awelewa* v. *New York City*, No. 11 Civ. 778 (NRB), 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) (judicial notice may be taken of arrest reports, criminal complaints, indictments, and criminal disposition data) (citing *Wims* v. *New York City Police Dep't*, No. 10 Civ. 6128 (PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011)). Where the Court takes judicial notice, it does so "in order to determine what statements [the public records] contained … not for the truth of the matters asserted." *Roth* v. *Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks and emphases omitted) (quoting *Kramer*, 937 F.3d at 774).

The following facts are taken from Plaintiff's Complaint ("Compl."), Plaintiff's Amended Complaint ("Am. Compl."), and matters of public record of which the Court may permissibly take judicial notice, including the June 23, 2010 arrest report ("Arrest Report," attached as Exhibit B to the Declaration of Rosemari Y. Nam); and the Certificate of Disposition issued by the New York County Criminal Court for Docket Number 2010NY047415 ("Certificate of Disposition," attached as Exhibit C to the Declaration of Rosemari Y. Nam).

**A.     The June 23, 2010 Arrest**

Plaintiff alleges that on June 23, 2010, Officer Jorge Pujols "unlawfully seized and arrested" Plaintiff for "allegedly violating [the] Tax Code." (Am. Compl. 3).[1] In contrast, the Arrest Report states that Officer Pujols arrested Plaintiff for tampering with physical evidence, resisting arrest, and criminal possession of marijuana in the fifth degree. (Arrest Report 1). In particular, the Arrest Report states that Smith "was observed in possession of marijuana in a public place. While being stopped by police, Def[endant] did intentionally destroy evidence. Def[endant] did resist arrest by flailing his arms and legs." (*Id.*).

**B.     The Disposition of the Criminal Case**

Plaintiff alleges that "the charges stemming from this unlawful arrest were subsequently dismissed." (Am. Compl. 3). Here, too, Plaintiff's allegations are contradicted by the contemporaneous records. The Certificate of Disposition states that Plaintiff pled guilty on June 25, 2010, to the charge of tampering with physical evidence, in violation of New York Penal Law § 110-215.40. The case was assigned Docket No. 2010NY047415, and Plaintiff was sentenced to five days in prison. (Certificate of Disposition).

---

[1]     Plaintiff brought a remarkably similar action under 42 U.S.C. § 1983 nine days after bringing the instant action, also alleging claims arising out of an arrest for violations of the Tax Code. Both cases were reassigned, by chance, to the undersigned. The Court dismissed the claims brought in the other action by Opinion and Order dated November 6, 2013. *See Smith* v. *City of New York*, No. 12 Civ. 4891 (KPF), 2013 WL 5942224 (Nov. 6, 2013).

## C. The Instant Litigation

On June 11, 2012, Plaintiff initiated this action, alleging false arrest by Officer John Doe in connection with an arrest "on or about" June 2009. (Dkt. #2). Plaintiff alleged that the criminal complaint against him was dismissed and sealed. (Compl. 3). On November 16, 2012, Plaintiff filed an amended complaint, alleging false arrest by Officer Jorge Pujols in connection with an arrest on June 23, 2010, for "allegedly violating [the] Tax Code." (Am. Compl. 3; Dkt. #13).[2]

Defendants moved to dismiss on September 27, 2013 (Dkt. #24), and filed a "Notice to Pro Se Litigant" in accordance with Local Rule 12.1 (Dkt. #25). Plaintiff did not file a response. Pursuant to Defendants' request (Dkt. #28), the Court deemed the motion fully briefed on November 12, 2013 (Dkt. #29).

## DISCUSSION

## A. The Standard of Review

When considering a motion under Rule 12(b)(6), the Court should "draw all reasonable inferences in Plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." Fed. R. Civ. P. 12(b)(6); *Faber* v. *Metropolitan Life*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan*

---

[2]  Defendants assert that Plaintiff brings claims of false arrest, false imprisonment, and malicious prosecution. (Def. Br. 4). Plaintiff only specifically alleges claims of false arrest, in addition to alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights. (Compl. 2, 3; Am. Compl. 2, 3). In the interest of broadly construing *pro se* Plaintiff's claims, for the purposes of this Opinion, the Court assumes that Plaintiff brings claims for false arrest, false imprisonment, and malicious prosecution. However, for the reasons discussed throughout this Opinion, Plaintiff's claims are barred by his guilty plea, and he has thus failed to allege a claim.

4

v. *N.Y. Thruway Auth.*, 548 F.3d 82, 88 (2d Cir. 2009)).  A plaintiff is entitled to relief if he alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("[W]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge [plaintiff's] claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 570)).  "[C]ourts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest."  *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citing *Graham* v. *Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

   The Court is not, however, bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions."  *Rolon* v. *Hennenman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith* v. *Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)); *see also Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009))).

**B.   Application**

   Section 1983 establishes liability for deprivation, under the color of state law, "of any rights, privileges, or immunities secured by the Constitution."  42

U.S.C. § 1983. Plaintiff here alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights, and brings claims for false arrest, false imprisonment, and malicious prosecution in connection with his June 23, 2010 arrest and subsequent prosecution.

A claim for false arrest or false imprisonment, under Section 1983 or New York State law, requires a plaintiff to show "that the defendant intentionally confined him without his consent and without justification." *Weyant* v. *Okst*, 101 F.3d 845, 852 (2d Cir. 1996). A claim for malicious prosecution, by contrast, requires a showing that: (i) the defendant initiated a criminal proceeding; (ii) that was terminated favorably to the plaintiff; (iii) there was no probable cause for the criminal charge; and (iv) the defendant acted maliciously. See *Rothstein* v. *Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) (citing *Savino* v. *City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)); *accord Bernard* v. *United States*, 25 F.3d 98, 104 (2d Cir. 1994). If, after arrest, a plaintiff is convicted of any of the charges against him, that conviction is "'conclusive evidence of probable cause,'" even if "the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested." *Weyant*, 101 F.3d at 852 (quoting *Broughton* v. *State*, 37 N.Y.2d 451, 458 (1975)).

Since probable cause is a complete defense to claims of both false arrest and malicious prosecution, the Court considers whether there was probable cause to arrest Plaintiff on June 23, 2010. See *Weyant*, 101 F.3d at 852 (false arrest); *Manganiello* v. *City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) (malicious prosecution).

6

Plaintiff was arrested on June 23, 2010, for tampering with evidence, resisting arrest, and possession of marijuana. (Arrest Report). Plaintiff subsequently pled guilty to tampering with evidence, in satisfaction of all charges. (Certificate of Disposition). Thus, there was probable cause for Plaintiff's arrest, and he cannot sustain claims for false arrest or malicious prosecution. *See Timmins* v. *Toto*, 91 F. App'x 165, 166 (2d Cir. 2004) ("[In] actions asserting false arrest, false imprisonment, or malicious prosecution, ... the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested." (citing *Cameron* v. *Fogarty,* 806 F.2d 380, 387 (2d Cir. 1986))) (summary order); *Rivera* v. *City of Yonkers*, 470 F. Supp. 2d 402, 408 (S.D.N.Y. 2007) ("Because Plaintiff pled guilty to one of the crimes for which he was arrested ... Defendants have a complete defense to Plaintiff's claim for false arrest. In addition, as this guilty plea represents a termination of the case that was not in favor of the accused, Plaintiff cannot maintain his claim for malicious prosecution.").

Plaintiff is also barred from recovery because he has not shown that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck* v. *Humphrey,* 512 U.S. 477, 486-87 (1994). A Section 1983 plaintiff cannot recover if an award would imply the invalidity of plaintiff's conviction. *See Younger* v. *City of New York,* 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (dismissing plaintiff's claims for false arrest, false imprisonment and malicious

prosecution because, if successful, they would render plaintiff's conviction invalid). Plaintiff has failed to state a claim, and as such, his claims will be dismissed.[3]

## CONCLUSION

Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to terminate Docket Entry 24 and close the case.

SO ORDERED.

Dated: November 25, 2013
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this order was mailed by Chambers to:*

```
Mark A. Smith
223 Ten Eyck Walk, Apt. 1A
Brooklyn, NY 11206
```

---

[3]     Municipalities may be sued directly for constitutional violations pursuant to 42 U.S.C. § 1983, *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), but cannot be held liable for the acts of their employees under the doctrine of *respondeat superior*. *Pembaur* v. *City of Cincinnati*, 475 U.S. 469, 478 (1986). Having failed to allege an underlying constitutional violation, Plaintiff's claims against the City of New York similarly cannot stand. *See Bobolakis* v. *DiPietrantonio*, 523 F. App'x 85, 87 (2d Cir. 2013) (affirming dismissal of *Monell* claims where plaintiff "suffered no violation of his constitutional rights [and as such] there is no basis for imposition of liability on the Town" (citing *Segal* v. *City of New York,* 459 F.3d 207, 219 (2d Cir. 2006))) (summary order).